# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                                       Case No. 20-CR-9

**ANTHONY CROSS**
    **Defendant.**

## ORDER

The government charged defendant Anthony Cross with drug trafficking offenses, and on January 16, 2020, the magistrate judge ordered him detained pending trial. (R. 5.) On February 24, 2020, defendant filed a motion for review of the detention order. (R. 15.) I ordered a response (R. 16), and the government responded in favor of continued detention (R. 17). I permitted defendant to file a reply, but he has not done so.

Under 18 U.S.C. § 3145, the district court reviews a magistrate judge's bail decision de novo. See United States v. Chavez-Rivas, 536 F. Supp. 2d 962, 963 (E.D. Wis. 2008) (citing United States v. Portes, 786 F.2d 758, 761 (7th Cir. 1985)). The district court may hold a new hearing or review the record of the proceedings before the magistrate judge. See United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). In his motion, defendant presents a release proposal, further indicating that he may expand on the motion at a hearing. (R. 15 at 2.) However, he does not elaborate on the need for a hearing, and I find the record sufficiently developed to rule on the motion.

The court will order detention if it finds that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. 18

U.S.C. § 3142(e). In making this determination, the court considers the nature and circumstances of the offense charged, including whether the offense involves a controlled substance, firearm, explosive, or destructive device; the weight of the evidence against the defendant; the history and characteristics of the defendant; and the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Certain offenses, including drug trafficking crimes with a maximum penalty of ten years or more, carry a rebuttable presumption that no condition(s) will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. 3142(e). This presumption shifts the burden of production to the defendant to come forward with some evidence that if released he will not flee or endanger the community. Portes, 786 F.2d at 764. Even if it is rebutted, the presumption remains in the case as an evidentiary finding militating against release, although the ultimate burden of persuasion rests with the government. United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986). The government must prove danger by clear and convincing evidence, Portes, 786 F.2d at 764, and flight risk by a preponderance of the evidence, id. at 765.

Finally, a defendant, previously detained, can seek to re-open the detention hearing if he presents new information which has a material bearing on the issue whether there are conditions of release that will reasonably assure his appearance and the safety of the community. 18 U.S.C. § 3142(f)(2).

Detention is warranted in this case. Defendant is charged with offenses carrying a presumption of detention. See 21 U.S.C. §§ 841(b)(1)(B) & (b)(1)(C). In his motion, defendant indicates that his family is willing to post properties valued at $110,000, further suggesting that

he be placed on electronic monitoring. (R. 15 at 1-2.) However, he does not otherwise address the danger to the community alleged by the government.

The offenses charged are serious, involving defendant's alleged distribution of cocaine, cocaine base, and fentanyl. If convicted, defendant faces a statutory penalty range of 5-40 years on two counts and 0-20 years on five counts. The government further indicates that during a search of defendant's mother's house, law enforcement discovered bags containing $252,000, one of which bore defendant's fingerprint, in the attic, along with seven firearms. The evidence also appears to be strong, including several controlled buys; the execution of a search warrant at defendant's residence, resulting in the recovery of cocaine, fentanyl, and cash; intercepted communications; and law enforcement surveillance. Finally, defendant has a prior record for drug-related offenses, battery, and carrying a concealed weapon, and previous revocations of community supervision. (R. 4.) While the bond study suggests significant ties to the community, these cannot overcome the other factors suggestive of danger referenced above.

**THEREFORE, IT IS ORDERED** that the defendant's motion (R. 15) is denied.

Dated at Milwaukee, Wisconsin, this 9th day of March, 2020.

> s/ Lynn Adelman
> LYNN ADELMAN
> District Judge